1  WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Michael Salman and Suzanne Salman,          No. CV 12-1219-PHX-JAT
    husband and wife,
                                                 **ORDER**
10                      Plaintiffs,

11  v.

12  City of Phoenix, a municipal corporation of
    the State of Arizona,
13
                        Defendant.
14

15

16          Pending before the Court is Plaintiffs' Emergency Motion for Preliminary

17  Injunction.  (Doc. 44).  On June 15, 2012, this Court denied Plaintiffs' Motions for a

18  Temporary Restraining Order and a Preliminary Injunction and dismissed this case

19  without prejudice.   (Doc. 36).  On July 3, 2012, Plaintiffs filed a Notice of Appeal with

20  the Ninth Circuit Court of Appeals. (Doc. 40).   Plaintiffs also sought emergency

21  injunctive relief before the Court of Appeals.  The Court of Appeals denied Plaintiffs'

22  Motion for Emergency Motion for Injunctive Relief "without prejudice to its renewal

23  following presentation to the district court."  (Doc. 42 at 1).  Plaintiffs then re-filed their

24  Motion for Preliminary Injunction in this Court.  (Doc. 44).

25          It appears that Plaintiffs attempted to appeal to the Court of Appeals under Ninth

26  Circuit Rule 3-3 by titling the caption of their Notice of Appeal "Preliminary Injunction

27  Appeal."  However, because this entire action has been dismissed on the merits, the Court

28  of Appeals noted that, in reality, this is not an appeal of a denial of a preliminary

injunction, but instead is an appeal of the entire case.  To that end, the Court of Appeals confirmed the prior briefing schedule for the merits of the appeal.

The Court of Appeals went on to note that Plaintiffs could seek a stay or injunction pending appeal under Federal Rule of Appellate Procedure 8(a).  Pursuant to Federal Rule of Appellate Procedure 8(a)(1), to obtain a stay or injunction from the Ninth Circuit Court of Appeals while an appeal is pending, "[a] party must ordinarily move first in the district court." Fed. R.App. P. 8(a)(1)(C), as Plaintiffs have now done.  Plaintiffs do not attempt to satisfy the test for a stay pending appeal under Federal Rule of Appellate Procedure 8(a).  Instead, Plaintiffs re-filed with this Court what they had originally filed with the Ninth Circuit Court of Appeals, which is essentially an attempt to appeal the denial of the original preliminary injunction motion.

At the district court level, the Court analyzes a request for a stay or injunction pending appeal under Federal Rule of Civil Procedure 62.  Pursuant to Federal Rule of Civil Procedure 62(c), while an appeal is pending, a district court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Fed.R.Civ. P.62(c).  Rule 62(c) codifies the exception to the general rule of exclusive appellate jurisdiction.  *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46,* 686 F.2d 731, 734 (9th Cir. 1982).  Rule 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Id.*

The Supreme Court has held that "[u]nder both [Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a) ], . . . the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987) (internal citations omitted).

To find that Plaintiffs have made a strong showing that they were likely to succeed on the merits, the Court would have to reconsider its previous Order that Plaintiffs'

claims are barred by either res judicata, *Heck v. Humphrey*, 512 U.S. 477 (1994), and/or the *Rooker-Feldman* doctrine.  Because Plaintiffs' present motion does not state any new reasons that they are likely to succeed on the merits that were not already asserted in their prior motions for temporary restraining order and preliminary injunction, this Court cannot find that Plaintiffs are likely to succeed on the merits of their appeal.  Because Plaintiffs must meet all four prongs of the *Hilton* test to obtain Rule 62(c) relief, the Court need not examine the other three prongs of the *Hilton* test.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Emergency Motion for Preliminary Injunction (Doc. 44) is denied.

Dated this 9th day of July, 2012.

James A. Teilborg
United States District Judge

- 3 -