WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michael Salman, et al.,

                    Plaintiffs,

v.

Phoenix, City of, et al.,

                    Defendants.

No. CV-12-01219-PHX-JAT

**ORDER**

Pending before the Court is Michael and Suzanne Salman ("Plaintiffs")s' motion for Temporary Restraining Order ("TRO") against Defendants' City of Phoenix, *et al*. (Doc. 91). Plaintiffs seek the Court's intervention on an emergency basis to "host home groups" and hold "bible studies" over Christmas. (*Id.* at 4).

The Court is cognizant of the calendar date and acknowledges the importance of this time of year to those of faith. At the same time, however, the Court notes that Plaintiffs have been aware of the annual "high holiday of their faith," (Doc. 91 at 4), for quite some time, given its fixed position on the calendar. A plaintiff may not circumvent the notice requirement by waiting so long to file a motion for TRO that he creates his own emergency. *See e.g. Martin v. Family Lending Servs.*, No. 09-CV-2133-PHX-ROS, 2009 U.S. Dist. LEXIS 100453, at *3 (D. Ariz. Oct. 15, 2009) (citation omitted) (noting that a plaintiff may not create her own emergency to circumvent the notice requirement in seeking TRO); *Best Deals on TV*, *Inc. v. Naveed*, 2007 WL902564, *4 (N.D. Cal. 2007) (noting that a plaintiff cannot show the need for temporary restraining order without

notice when he waited months after learning of the situation to file the request); *Comcast of Illinois X, LLC v. Till*, 293 F.Supp.2d 936, 938-39 (E.D. Wisc. 2003). By waiting until December 21, and seeking to "host home groups" and "have bible studies" during Christmas, Plaintiffs have effectively precluded Defendants from filing any kind of meaningful response on the issue, and have created their own emergency.[1]

Moreover, the Court finds that Plaintiffs have failed to establish that Defendants have demonstrated new initiative to prosecute them for their activities. Plaintiffs assert that prosecution by Defendants is "real and [imminent]." (Doc. 91 at 4). But the letters submitted to the Court are from February 23, May 8, and September 20, 2007, respectively. (*Id.* at 7-11). Plaintiffs assert that Defendants have broken up bible study groups at Plaintiffs' home on two "separate occasions," but fail to provide any evidence of this, or even to provide the Court with specific dates to support their argument that prosecution is "imminent." Taken together, Plaintiffs' factual basis for TRO is insufficient to warrant that the Court intervene on an emergency basis.

For these reasons, the Court will deny Plaintiffs' motion for TRO. (Doc. 91). The Court will address Plaintiffs' motion for preliminary injunction, (Doc. 90), when briefing has been completed.

Accordingly,

/

/

/

/

/

/

/

---

[1] Plaintiffs argue that they filed a motion for preliminary injunction on December 7, 2015, and that Defendants have "had ample time to" respond. (Doc. 91 at 4-5). This is not proper grounds to seek intervention from the Court via TRO. Defendants are still entitled to file a timely response to Plaintiffs' motion for preliminary injunction in accordance with this Court's rules. *See* LRCiv 7.2(b); Fed. R. Civ. P. 6(a)(1).

1

**IT IS ORDERED** that Plaintiffs' motion for TRO, (Doc. 91), is hereby DENIED.

2

3

Dated this 21st day of December, 2015.

4

5

6

7

James A. Teilborg
Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28